No. 12432

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

IN THE MATTER OF THE ESTATE OF
RUDY G. HERZOG, Deceased,
FLORENCE HERZOG,

                    Petitioner and Appellant,

  -vs-

JOSEPH B. GARY, Executor of the Estate
of RUDY G. HERZOG, Deceased,

                    Defendant and Respondent.

---

Appeal from:  District Court of the Eighteenth Judicial District,
              Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

            Berg, O'Connell, Angel and Andriolo, Bozeman, Montana.
            Ben E. Berg argued, Bozeman, Montana.

    For Respondent:

            Brown and Gilbert, Bozeman, Montana.
            Landoe and Gary, Bozeman, Montana.
            Joseph B. Gary argued, Bozeman, Montana.

---

                              Submitted:  May 29, 1973

                               Decided:  JUL 23 1973

Filed:  JUL 23 1973

Thomas J. Kearney
                                            Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Petitioner and appellant, Florence Herzog, brings this appeal from a summary judgment entered by the district court of Gallatin County denying the relief sought in her petition for determination of heirship.

Florence T. Herzog and Rudy G. Herzog, deceased, executed an ante-nuptial agreement on August 18, 1970, and were married the same day. The Herzogs were married but estranged when Rudy Herzog died, fourteen months later. The ante-nuptial agreement provided that the wife would be made beneficiary of a life insurance policy in the amount of $20,000 so long as the parties were married; that the property and earnings of each spouse were to remain in the same ownership status as before the marriage; and, that in the event of a divorce a payment of $400 per month to the wife for a stated period would be a full and complete settlement for all claims arising out of the divorce. The agreement concluded with the statement:

> "It is understood and agreed that the provisions herein provided for in this sub-paragraph [the divorce settlement] are contemplated to make the marriage a solid and lasting marriage, and that the hopes and aspirations of the Parties are to this effect, rather than a divorce, and a dispute over alimony support, dower rights and other claims that can arise as a result of a divorce between married persons.

> "It is further agreed that nothing herein shall be construed to be a bar by either Party giving to the other Party any property of which he or she may be possessed to the other Party by Will or otherwise. It is understood that each Party to this Agreement shall control his or her own personal estate described herein, and do with the properties whatever he or she wishes and wills."

The estate was appraised at $30,130 in real property, and $307,336.05 in personal property, the principal asset being stock in a business known as Rudy's Distributing Company. Decedent Herzog's will was admitted to probate on November 3, 1971, and

- 2 -

by its terms the bulk of the estate was left to the decedent's five minor children by a previous marriage. The third paragraph of the will stated:

> "I have entered into an ante-nuptial agreement with my wife, Florence Herzog, and we are estranged, and therefore I do not leave any property, real or personal, to my wife, Florence Herzog, otherwise than provided for in the ante-nuptial agreement."

On August 17, 1972, Florence Herzog filed a petition to determine heirship. Hearing was held and summary judgment was entered upon the motion of the executor. The district court stated in its order that no filing of renunciation or contest had been made by the petitioner within the six months period alloted by statute.

Before discussing the issues presented on this appeal, we wish to make it clear that no effort has been made by Mrs. Herzog to set aside or challenge the ante-nuptial agreement itself and the cause was tried in the district court solely with reference to the provisions of the probate law. We shall deal with the issues within that framework, and call attention to the fact that the principles here announced apply only to the law of the case as set forth and do not concern the effect or legality of the ante-nuptial agreement itself as that issue was never raised.

With this admonition we proceed to the discussion of the four issues raised by Florence Herzog on this appeal:

(1) The court erred in holding that petitioner must renounce the benefits of her husband's will when it expressly disinherits her.

(2) The court erred in holding that petitioner must contest her husband's will in order to establish her rights of inheritance.

(3) The court erred in concluding, if it did, that section

- 3 -

91-3801, R.C.M. 1947, precludes the widow's petition.

(4) The court erred in concluding, if it did, that petitioner by accepting the benefits of the ante-nuptial agreement waived her rights in the estate of Rudy G. Herzog.

In the first issue we find the statement of appellant that the will "expressly disinherits her" to be incorrect. The heretofore quoted third paragraph of decedent's will is not an express disinheritance. The paragraph makes reference to the ante-nuptial agreement entered into by decedent and his wife under which she was to be made beneficiary of a $20,000 life insurance policy.

By application of the doctrine of incorporation by reference, the third paragraph of the will operates to include, as an effective bequest within the provisions of the will, $20,000 to be paid out of the proceeds of a specific life insurance policy.

Few cases have been decided in Montana involving this principle of law, as to wills, which originated in early English common law. As it has developed in modern application, the doctrine of incorporation by reference enables the admission into probate of certain nontestamentary writings, executed without statutory formalities. However, in order to limit the danger of fraud, certain conditions have been established by practice and precedent. The California Appeals Court, in In re Estate of Foxworth, 240 C.A.2d 784, 50 Cal.Rptr. 237, 240, enumerated the following conditions:

> "It has also been said that the requisites of incorporation by reference are (1) the extrinsic paper must be in existence at the time the will makes reference to it; (2) the will must identify the paper by a sufficiently certain description, and extrinsic evidence is admissible as: an aid to such identification; and (3) it must appear that the testator intended to incorporate the paper for the purpose of carrying out his testamentary desires. [citing treatise and cases]."

- 4 -

See also:  144 A.L.R. 713, 57 Am.Jur., Wills, §§ 233-242, 94 C.J.S. Wills § 163.

We find the writing referred to in the third paragraph of the will, that is, the ante-nuptial agreement, was in existence at the time the will was executed, that it was reasonably identified within the terms of the will, and that it appears to have been testator Herzog's intention to incorporate that agreement within the terms of his will to carry out his testamentary wishes.

Because the provision in the ante-nuptial agreement concerning the insurance policy was incorporated by reference into the will, the $20,000 proceeds of that policy became a bequest under the will.  The estate must satisfy that bequest and the fact it is paid out of insurance proceeds which are generally not part of the estate is immaterial.  This $20,000 obligation by reason of a bequest in the will would remain, regardless of lapse in the policy or change of beneficiary, and any possible contract remedy Mrs. Herzog might have had in those events.

Although it appears from the record that the executor failed to recognize and pursue the appropriate remedy under an application of the doctrine of incorporation by reference, nevertheless both the will and the ante-nuptial agreement were properly before the court at the time the summary judgment was granted.

Section 22-107, R.C.M. 1947, provides:

"Every devise or bequest to her by her husband's will shall bar a widow's dower in his lands and her share in his personal estate unless otherwise expressed in the will; but she may elect whether she will take under the provisions for her in the will of her deceased husband or will renounce the benefit of such provisions for her, and take her dower in the lands and her share in the personal estate under the succession statutes, as if there had been no will, but not in excess of two-thirds (2/3) of the husband's net estate, real and personal, after the payment of creditors' claims, expenses of administration and any and all taxes, including state and federal inheritance and estate taxes."

- 5 -

Since the provisions of the ante-nuptial agreement were incorporated by reference into the will and amounted to a bequest under the will, the provisions of section 22-107, R.C.M. 1947, are applicable, i.e. the widow, Florence Herzog, had the statutory right to renounce the will. However, since it appears from the record to be a stipulated fact that she did not file a written renunciation within six months, as required under section 22-108, R.C.M. 1947, the district court correctly held that she cannot now defeat the provisions of the will.

In the second and third issues we find the district court correctly held the six months statutory limitation for contesting the will as stated in section 91-1101, R.C.M. 1947, had expired. However, this is not a determinative issue here because it does not appear that the validity of the will was ever at issue. Appellant is correct in her contention that it was never necessary for her to contest the will as invalid to share in the estate through dower and succession, rather than as provided in the will. But, it was necessary to renounce the valid will within the time limitation and in the form prescribed by section 22-108, R.C.M. 1947. The trial court was correct in entering summary judgment concerning the petition for determination of heirship as it presented no disputed issues of fact, and the issues of law therein were correctly decided by the court, i.e., the will was valid and properly admitted into probate, and the alloted time for renunciation under section 22-108, R.C.M. 1947, had expired.

The fourth issue concerning a waiver by reason of the ante-nuptial agreement is also outside the issue of the case. Appellant cites sound authority for the principle that a widow's statutory rights of dower and inheritance by succession can be waived by ante-nuptial agreement only upon words expressly, or by clear implication, declaring that it is the express intention

of the wife to do so.  However, the determining factor in the instant case is not the operation of the ante-nuptial agreement as a waiver, but rather as a bequest through incorporation by reference into the will.

The judgment of the district court is affirmed.

_____
                    Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices